IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
| )| |
| Plaintiff,      ) | |
| ) | |
| vs.                                                            ) | Case No. 06–cr-30111-SMY |
| ) | |
| ) | |
| Johnnie E. Mosley,                                  ) | |
| Defendant.      ) | |
| ) | |

## ORDER

**YANDLE, District Judge:**

This matter comes before the Court on Defendant Johnnie E. Mosley's motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 60). The Government opposes the Motion (Doc. 61).[1]

## Background

Mosley was charged with unlawful possession of firearm by a previously convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count 1) and possession with intent to distribute 11.8 grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count 2) (Doc. 61-1 at 1). On October 27, 2006, Mosely pled guilty pursuant to a written plea agreement and written stipulation of facts (Docs. 24-25). In the stipulation of facts, Mosely stipulated that his relevant conduct was 326.8 grams of cocaine base in the form known as "crack cocaine" (Doc. 25 at 2). In

---

[1] Defendant's "Motion to File Pro Se", construed as a motion for status (Doc. 72) is **GRANTED**; the instant order provides the status of the case.

his written plea agreement, Mosely agreed that he was a career offender and an armed career criminal based on three predicate convictions (Doc. 24 at 6-9).

The Presentence Investigation Report (PSR) determined that Mosely's relevant conduct involved 330.73 grams of crack cocaine (Doc. 29 at 5). Because Mosley's maximum statutory penalty increased to life, his offense level as a career offender was 37. *Id.* at 7. After a three-point reduction for acceptance of responsibility, Mosley's adjusted offense level was 34. *Id.* The total offense level of 34 and criminal history category VI produced an advisory Guidelines range of 262-327 months. *Id.* at 14.

On January 29, 2007, District Judge William D. Stiehl sentenced Mosely to 262 months imprisonment on each count, to run concurrently, and ordered him to serve a five-year term of supervised release on Count 1 and an eight-year term of supervised release on Count 2, also to run concurrently (Docs. 28, 31).

Mosley argues that his sentence should be reduced to 188 months' imprisonment on each count, to run concurrently, and that his term of supervised release should be reduced to six years on each count, also to run concurrently because the indictment indicates that he only distributed 11.8 grams of cocaine base. The Government filed a response in opposition (Doc. 61).

## Discussion

Congress passed the Fair Sentencing Act of 2010 which reduced the crack-to-powder penalty disparity from 100:1 to 18:1. Pub. L. No. 111-220, 124 Stat. 2372 (2010); *Dorsey v. United States*, 567 U.S. 260, 263–64 (2012). In 2018, Congress made the reduction retroactive when it enacted the First Step Act of 2018, permitting courts to reduce the sentences of defendants convicted of a "covered offense" before August 3, 2010. Pub. L. No. 115-391, 132 Stat. 5194 (2018). Court's authority to reduce a sentence under the First Step Act applies only to (1) federal

offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses. *See* First Step Act, § 404(a). Whether to reduce a sentence under the First Step Act is within the discretion of the Court. *See* First Step Act, § 404(c).

The Government asserts that Mosley is not eligible for relief under the First Step Act because the same statutory penalties applied to Mosely's offense both before and after the Fair Sentencing Act. Specifically, the Government argues that while the Fair Sentencing Act increased the threshold crack cocaine quantity for a § 841(b)(1)(B) offense from 5 grams to 28 grams, the quantity of crack cocaine involved in Mosley's offense (330.73 grams) far exceeds that amount. Thus, the statutory penalties remain the same in all respects.

The position taken by the Government was rejected by the Seventh Circuit in *United States v. Shaw*, 957 F.3d 734, 739 (7th Cir. 2020). In that case, the court held that "whether an offense is 'covered' under the First Step Act "simply depends on the statute under which a defendant was convicted" – not on whether the offense involved a drug quantity that was lower than the revised quantity thresholds set by the FSA. *Shaw*, 957 F.3d at 738-39. For a "covered offense," a court may impose a reduced sentence "as if sections 2 and 3 of the [FSA] were in effect at the time the covered offense was committed," even if the crime involved drug quantities that still qualified for application of the mandatory minimum sentences for crack cocaine. *Id.*

Pursuant to *Shaw*, Mosely is eligible for relief under the First Step Act. He was convicted of possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count 2) (Doc. 24 at 5). Under the Fair Sentencing Act, the threshold quantity triggering § 841(b)(1)(A)(iii) (10 years - life) increased from 50 grams to 280 grams. The quantity triggering § 841(b)(1)(B)(iii) (5- 40 years) increased from 5 grams to 28 grams. And §

841(b)(1)(C), which provides for a penalty of up to 20 years in prison, now (also) covers convictions involving quantities between 5 grams and 28 grams. *See United States v. Hogsett*, 982 F.3d 463, 464 (7th Cir. 2020) (after the Fair Sentencing Act, § 841(b)(1)(C) began – for the first time – to cover convictions involving quantities between 5 grams and 28 grams). As such, the Fair Sentencing Act modified the statutory penalty for Mosely's offense of conviction, and the offense is a covered offense within the meaning of section 404(a) of the First Step Act. The Court's inquiry does not end there, however.

In determining whether to exercise its discretion to reduce Mosely's sentence, the Court must consider his pre-sentence and post-sentence conduct within the context of 18 U.S.C. § 3553(a). *Shaw*, 957 F.3d at 741-42. Further, although a court is not bound to grant a reduction based on current statutes, guidelines, or sentencing law, they are also relevant to its consideration. *Id.*

Mosley has served 15 years of his nearly 21-year sentence, with a projected release date of June 17, 2025. he has two prior convictions for armed robbery as well as a conviction for armed violence (Doc. 61-3 at 2-3). He has received several BOP disciplinary infractions including: engaging in sexual acts (4 occasions); refusing to obey an order; giving/accepting money without authority; phone abuse; and possessing a dangerous weapon. *See* Doc. 60-1 at 1. He has also participated in 2,237 hours of educational programming and completed a drug education program. *Id.* His job assignments include bakery, orderly, and food service. *Id.*

Given the nature and extent of Mosely's criminal history, particularly his history of armed and violent crime, and his disciplinary infractions while incarcerated, the Court concludes that a reduction of his sentence would not fully serve the sentencing objectives of specific deterrence

and protecting the public from future crimes perpetrated by the defendant. Accordingly, Mosely's motion is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED:  July 25, 2022**

                                              **STACI M. YANDLE**
                                              **United States District Judge**